IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS LOPEZ                                          CRIMINAL ACTION

v.

UNITED STATES                                         NO. 94-184-1

ORDER-MEMORANDUM

**AND NOW**, this 29th day of September, 2008, upon consideration of Petitioner Carlos Lopez's Petition for Writ of <u>Audita Querela</u> (Docket No. 522), **IT IS HEREBY ORDERED** that said Petition is **DENIED**.

In 1994, Petitioner pled guilty to and was convicted of: (1) one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; (2) six counts of distribution and aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) one count of distribution and aiding and abetting the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (4) two counts of possession of cocaine with intent to distribute and aiding and abetting possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (5) one count of possession of heroin with intent to distribute and aiding and abetting the possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (6) one count of using a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). (Docket Nos. 266, 350.) For the drug offenses, Petitioner was sentenced to 262 months imprisonment to run concurrently, and for the gun offense, he was sentenced to 60 months to run consecutively. (Docket No. 350.) Petitioner was also sentenced to five years of supervised release, a special assessment of $600, and a fine of $1,500. (<u>Id.</u>) Petitioner did not appeal his conviction or sentence. He is presently being detained at the Federal Correction

Institution in Fort Dix, New Jersey.

On April 27, 2000, Petitioner filed in this Court a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction for violating 18 U.S.C. § 924(c)(1) in light of the Supreme Court's decisions in Bailey v. United States, 516 U.S. 137 (1995), and Bousley v. United States, 523 U.S. 614 (1998).[1] We dismissed that motion as untimely. Lopez v. United States, Crim. No. 94-184-1, Civ. A. No. 00-2176, 2000 U.S. Dist. LEXIS 17122, *6 (E.D. Pa. Nov. 30, 2000).

On March 24, 2003, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, which that court dismissed for lack of jurisdiction. See Lopez v. DeRosa, Civ. A. No. 03-1262, slip. op. at 5 (D.N.J. June 17, 2004) (stating the basis for the court's dismissal of Petitioner's first § 2241 claim). On September 22, 2003, the Third Circuit affirmed the district court's dismissal, and denied Petitioner leave to file a "second or successive" motion under § 2255. See id. at 2 (quoting In re Lopez, C.A. No. 03-2453 (3d Cir. Sept. 22, 2003)).

On October 16, 2003, Petitioner filed a "Motion for Show Cause Order" in the District of New Jersey, which the court construed as a Motion for Reconsideration or to Re-Open his § 2241 application. DeRosa, slip op. at 2. The court then denied that motion for failing to meet the standards for granting reconsideration. Id. at 5. Petitioner filed a Motion to Re-Open, and the Third Circuit granted the Motion. See Lopez v. DeRosa, C.A. No. 04-3527, slip op. at 1 (3d Cir. August

---

[1] In Bailey, the Supreme Court interpreted section 924(c)(1) to require proof that the defendant "actively employed" the firearm as an "operative factor in relation to the predicate offense." Bailey, 516 U.S. at 143. In Bousley, the Supreme Court clarified that the Bailey rule was available retroactively on collateral review. Bousley, 523 U.S. at 621.

9, 2005). However, the Third Circuit added the caveat that Petitioner could not bring his claim again under § 2241 because he previously had an opportunity to challenge his conviction under Bailey and Bousley by timely filing his initial § 2255 petition. Id. at 1-2.[2] On July 25, 2008, Petitioner filed a second § 2241 petition in the District of New Jersey. The court denied the petition for lack of jurisdiction. Lopez v. Grondolsky, Civ. A. No. 08-3791, 2008 U.S. Dist. LEXIS 64777, at *2. (D.N.J. August 19, 2008).[3]

On September 8, 2008, Petitioner filed with this Court the instant Petition for Writ of Audita Querela, pursuant to the All Writs Act, 28 U.S.C. § 1651, asserting that, in light of Bailey and Bousley, he is being detained for conduct that has subsequently been rendered non-criminal by intervening Supreme Court precedent. Petitioner again asks this Court to vacate his conviction for violation of 18 U.S.C. § 924(c)(1).

Common law writs such as audita querela can be employed only to "fill in the gaps" in post-conviction remedies. Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006) (per curiam) (citing United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001)). The All Writs Act is a residual source of authority, available only in "exceptional circumstances," Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006) (per curiam) (citing Pa. Bureau of Corr. v. U.S. Marshal Serv., 474 U.S. 34 (1985)), and a writ of audita querela will not issue where habeas relief is otherwise cognizable under 28 U.S.C. § 2255. Shelton, 201 Fed. Appx. at 124; United States v. Paster, 190

---

[2] Likewise, the Third Circuit found Petitioner ineligible for the exception of In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997). Lopez v. DeRosa, C.A. No. 04-3527, slip op. at 1-2.

[3] The district court determined that, because § 2255 relief was neither inadequate nor ineffective to the test the legality of Petitioner's detention, the court was prohibited from entertaining a challenge to his sentence under § 2241. Lopez v. Grondolsky, 2008 U.S. Dist. LEXIS at *4.

Fed. Appx. 138, 139 (3d Cir. 2006) (per curiam). Thus, to qualify for <u>audita querela</u> relief, a petitioner must raise: "(1) a valid legal objection (2) to a judgment that arises after that judgment is entered and (3) <u>that is not redressable by other means</u>." <u>Muirhead v. Attorney Gen. of U.S.</u>, 262 Fed. Appx. 473, 474 (3d Cir. 2008) (emphasis added). There is presently no "gap" in Petitioner's post-conviction remedies sufficient to create the "exceptional circumstances" justifying a writ of <u>audita querela</u>. <u>Shelton</u>, 201 Fed. Appx. at 124; <u>Hazard</u>, 206 Fed. Appx. at 236.

A § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle v. United States</u>, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Section 2255 is not "'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." "It is the inefficiency of <u>the remedy</u>, not the personal inability to use it, that is determinative." <u>Id.</u> (emphasis added) (citations omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." <u>Id.</u> at 539 (citations omitted).

The Third Circuit has already determined that Petitioner had adequate opportunity to challenge his conviction under <u>Bailey</u> and <u>Bousley</u> by way of a timely filed § 2255 petition. <u>See Lopez v. DeRosa</u>, C.A. No. 04-3527, slip op. at 1-2. In fact, Petitioner did raise this argument in his § 2255 petition. <u>See Lopez</u>, 2000 U.S. Dist. LEXIS at *2. Petitioner's failure to timely raise that argument, however, does not now render § 2255 relief inadequate or ineffective. <u>See Cradle</u>, 290

F.3d at 538.  The writ of <u>audita</u> <u>querela</u> , accordingly, is not now available to Petitioner, and the Petition is denied.

BY THE COURT:

_____
John R. Padova, J.

9-30-08 Copy Mailed to: Carlos Lopez, p.p.